WILLIAMS, J.
—It will be observed that by the will only the one-third share of the estate itself was given after the death of this daughter, to her children, etc. The income therefrom was directed absolutely to be applied to the use of the daughter. There was no discretion given the trustees to apply to her use a part only of the income, nor as much as her needs required, nor as much as, in the judgment of the trustees she needed. The whole income was given to the daughter, and she is entitled to have it all. The fair construction of the language used in the will is that the income shall be paid over, as it accrues, to the daughter. The words “ applied to the use of ” are equivalent to the words “ paid over to.” See Leggett v. Perkins, 2 N. Y. 297 ; Moore v. Hegeman, 72 id. 376. If the daughter was of sound mind, she would be entitled to have the income applied to her use by having it paid over to her as it accrues. Being of unsound mind, she is represented by her committee, who is entitled to have the accumulated income paid over to him.
The decree was, therefere, correct in the respect complained of, and should be affirmed, with costs to respondents to be paid out of the fund. We think, under the circumstances, no costs should be allowed against the appellants.
All concur.